United States District Court
For the Northern District of California

1
2
3
4
5
6
7                          NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   KENT D. NELSON,                     No. C08-80080MISC JF (HRL)

12              Movant,                  **INTERIM ORDER RE**
         v.                              **SUPPLEMENTATION OF THE**
13                                       **RECORD**
     UNITED STATES SECURITIES AND
14   EXCHANGE COMMISSION,

15              Respondent.
                                    /
16

17        Kent D. Nelson, proceeding pro se, filed a document indicating that he objects to a

18   subpoena issued by the U.S. Securities and Exchange Commission ("SEC").  The document,

19   which consists of a one-page form and some attachments, contains scant information about the

20   underlying proceedings in question; but it appears to be a customer challenge pursuant to the

21   provisions of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3401, *et seq.*[1]

22   The government opposes the motion.  The matter has been referred to the undersigned for

23   disposition.

24

25        [1]      Under the RFPA, "[a] motion to quash an administrative summons or an
     application to enjoin a Government authority from obtaining records pursuant to a formal
26   written request shall be filed in the appropriate United States district court."  12 U.S.C. §
     3401(a).  Nelson currently is incarcerated in a federal penitentiary in the Central District of
27   California.  The administrative subpoena in question reportedly pertains to an SEC
     investigation in New Mexico.  It was not readily apparent from the record why the instant
28   matter was brought before this court.  However, inasmuch as this court believes that Wells
     Fargo, the subpoena recipient, is headquartered in this district and that an action to enforce
     Wells Fargo's compliance could be brought here, *see* 15 U.S.C. §§ 77v(b), 78u(c), it finds
     that the instant motion properly may be adjudicated here.

1      The court is mindful that a determination is to be made within seven days after the filing

2  of the government's response.  12 U.S.C. § 3410(b).  However, upon review of the record

3  presented, this court finds that supplementation is necessary for a meaningful evaluation of this

4  matter.  Most notably, the record does not contain a complete copy of the subpoena being

5  challenged, including the particular requests being made by the SEC.

6      Accordingly, the government shall forthwith supplement the record with a complete

7  copy of the administrative subpoena at issue.

8      Additionally, it is the practice of the courts in this district to permit the moving party to

9  file a reply.  Although this court does not find it necessary, it will permit Nelson to file a reply

10  to the government's opposition if he chooses.  Any reply shall be filed no later than **June 6,**

11  **2008**.  If no reply is received by that date, the court will proceed to rule on his motion.

12      SO ORDERED.

13  Dated:  May 23, 2008

14

15  _____
   HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5:08-mc-80080 Notice has been mailed to:**

Kent D. Nelson
40289051
Federal Correctional Facility
3705 W. Farm Road
Lompoc, CA 93436

      Movant (Pro Se)

Kevin Dean Solonsky
Securities & Exchange Commission
100 F Street, NE
Washington, DC 20549-9612

      Counsel for Respondent

**United States District Court**
For the Northern District of California