1  RICHARD M. HUMES
   MELINDA HARDY
2  KEVIN D. SOLONSKY
   Securities and Exchange Commission
3  100 F Street, NE
   Washington, DC 20549-9612
4  Telephone:  (202) 551-5014
   Facsimile:   (202) 772-9263
5
   Counsel for the Securities and Exchange Commission
6
7           UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
8

9  _____
10 KENT D. NELSON,
11         Movant,
12    v.                                              5:08-mc-80080-JF
13 UNITED STATES SECURITIES
      AND EXCHANGE COMMISSION,
14
           Respondent.
15 _____

16
        **SUPPLEMENT OF SECURITIES AND EXCHANGE COMMISSION
17                 TO ITS VERIFIED OPPOSITION**

18      In response to the May 23, 2008 Order of the District Court, the Securities
19 and Exchange Commission submits the attached subpoena sent to Kent D. Nelson on
20 March 24, 2008.
21                                              Respectfully submitted,
22
                                                RICHARD M. HUMES
23                                              Associate General Counsel

24                                              MELINDA HARDY
                                                Assistant General Counsel
25
26
27
28
                                                           **5:08-mc-80080-JF Supplement**

-2-

*[signature: Kevin Solonsky]*

KEVIN D. SOLONSKY
Senior Counsel

Securities and Exchange Commission
100 F Street, NE,
Washington, D.C. 20549-9612
(202) 551-5014

Attorneys for Respondent
Securities and Exchange Commission

Dated:     May 27, 2008

-3-

## CERTIFICATE OF SERVICE

I, Kevin Solonsky, hereby certify that on this 27th day of May, 2008, I caused a true and correct copy of Supplement of Securities and Exchange Commission to its Verified Opposition, to be served on the person listed below by overnight delivery:

Kent D. Nelson
Inmate #40289051
Federal Correctional Facility
3705 West Farm Road
Lompoc, California 93436

_____
KEVIN D. SOLONSKY



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
1801 CALIFORNIA STREET
SUITE 1500
DENVER, COLORADO 80202-2656**

In replying
please quote:

D-02761

**DIVISION OF
ENFORCEMENT**

Writer's Direct Number: (303) 844-1092
Telecopier Number: (303) 844-1052

March 24, 2008

Mr. Kent D. Nelson
Reg. No. 40289-051
USP Lompoc
Satellite Camp
3705 West Farm Road
Lompoc, California 93436

  Re: In the Matter of State of New Mexico Investments (D-02761)

Dear Mr. Nelson :

  Records or information concerning your transactions held by the financial institution named in the attached subpoena are being sought by the United States Securities and Exchange Commission (the "Commission") in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401-22. On February 9, 2006, the Commission entered a formal order of investigation, "In the matter of New Mexico State Investments." The attached subpoena was issued pursuant to the formal order of investigation, and the information sought is to assist the Commission in determining the issues set forth in the formal order of investigation. That order states that the Commission deems certain acts and practices to be in possible violation of: Section 17(a) of the Securities Act, Sections 10(b), Section 15(b)(4)(E), 15(c)(1)(B), 15B(c)(1) and 17(a)(1) of the Exchange Act and Rules 10b-5, 17a-3 and 17a-4 thereunder, Sections 203(e)(6), 204, 206(1), 206(2) and 207 of the Advisers Act, and MSRB Rules G-8, G-17, G-20, and G-37. You may arrange to review a copy of the formal order, if you have not already done so, by contacting me.

  The authority for this investigation is: Section 20(a) of the Securities Act, Section 21(a) of the Exchange Act and Section 209(a) of the Advisers Act. If you desire a copy of the authority for this investigation, please contact me.

  If you desire that such records or information not be made available, you must:

(1) Fill out the accompanying motion paper and sworn statement or write one of your own, stating that you are the customer whose records are being requested by the Commission, and giving either the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

(2) File the motion and sworn statement (together with the applicable filing fee) by mailing or delivering them to the Clerk of any one of the following United States District Courts:

a. United States District Court for the District of Colorado.

b. United States District Court for the Northern District of California.

c. United States District Court for the Southern District of California.

d. Any other District Court that is appropriate under 28 U.S.C. 1391(e).

(It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena, as well as a copy of this notice.)

(3) Serve the Commission by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to:

> Laura M. Metcalfe
> Assistant Regional Director
> Securities and Exchange Commission
> 1801 California St., Ste. 1500
> Denver, CO 80202

and

> Richard M. Humes, Esq.
> Associate General Counsel
> Securities and Exchange Commission
> 100 F St., N.E.
> Washington, D. C. 20549

(4) Be prepared to come to court and present your position in further detail.

(5) You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of the earlier of ten days from the date of service or fourteen days from the mailing of this notice, the records or information requested therein will be made available to the Commission. These records may be

transferred to other government authorities for legitimate law enforcement inquiries, in which event (except as provided by law), you will be notified after the transfer.

Providing this notice to you shall not be construed as a waiver by the Commission of any right it may have to assert that the provisions of the Right to Financial Privacy Act of 1978 do not require such a notice.

Very truly yours,

Laura M. Metcalfe
Assistant Regional Director

Enclosures:

    Subpoena
    Instructions
    Motion Form
    Certificate of Service
    Sworn Statement Form



**SUBPOENA**

# UNITED STATES OF AMERICA
SECURITIES AND EXCHANGE COMMISSION

<u>In the Matter of State of New Mexico Investments (D-02761)</u>

To:   Wells Fargo Bank, N.A.
      Attn: Custodian of Records
      c/o Wells Fargo Subpoena Processing
      2700 S. Price Rd.
      Chandler, AZ  85248

☒  **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below.

1801 California St., Suite 1500, Denver, CO, 80202-2656, by 5:00 p.m., MST, on April 11, 2008.

☐  **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____           Date:   March 24, 2008
    Laura M. Metcalfe
    Assistant Regional Director

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

## ATTACHMENT TO SUBPOENA

To: Wells Fargo Bank, N.A.
Attn: Custodian of Records
c/o Wells Fargo Subpoena Processing
2700 S. Price Rd.
Chandler, AZ 85248

Re: <u>In the Matter of State of New Mexico Investments (D-02761)</u>

Please refer to the general instructions below and the enclosed SEC Form 1662 entitled "Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena" for guidance in compliance herewith.

**A.   INSTRUCTIONS**

1. You should produce all documents and other materials described below in your actual or constructive possession or custody or subject to your control, as further described herein.

2. If you claim attorney-client privilege, or any other privilege or protection from production, as to any of the requests below, provide a list of the subject documents, indicating the date prepared, author, recipient(s), subject, and the privilege or protection claimed, sufficiently identifying the documents to which you claim the privilege or protection attaches, in order that the staff may determine whether to request *in camera* inspection by a federal district court judge.

3. The term "document" means the original and each non-identical copy (whether different from the original because of marginal notes or other material inserted therein or attached thereto or otherwise) of written or graphic matter, however produced or reproduced, whether sent or received, including drafts and both sides thereof, and including but not limited to written, printed, typewritten, and computer printed matter, and mechanical, magnetic and electronic recordings. The term "document" also includes all "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, you shall also produce such documents as are necessary for the decoding, playing back, printing out, and/or interpretation thereof, and any other documents which are necessary to convert such information into a useful and useable format.

4. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside the scope.

5.  The use of the singular form of any word includes the plural and vice versa.

6.  This subpoena seeks documents created during or related to the period of January 1, 2007 through the date of the subpoena (the "Relevant Period") unless otherwise indicated.

**B.  DOCUMENTS TO BE PRODUCED**

For any and all accounts in the name of **Kent D. Nelson (SSN 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, DOB 7/19/64), Wendy L. Nelson (SSN 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), Kent D. Nelson d/b/a Strategic Investment Services, Kent D. Nelson d/b/a Strategic Investment Services, LLC,** produce the following documents for the Relevant Period:

1. Account applications, new account forms, account opening forms, account modification forms, account closing forms, account agreements, margin agreements, option agreements, tax identification forms, account transfer forms, powers of attorney, articles of incorporation, charters, by-laws, corporate resolutions, corporate authorizations, stock powers, and documents identifying all persons authorized to direct transactions in the account(s);

2. Monthly or other periodic account statements;

3. Copies of all checks (and the backs of all checks), deposit slips, deposit items and offsets, wire transfers, debit slips, credit slips, and cashiers' checks for any amount greater than or equal to five-hundred dollars ($500.00); and

4. All notes, correspondence, wire transfer instructions, or other documents that reflect or concern communications related to deposits, withdrawals or transfers of funds in the account(s) for any transactions in any amount greater than or equal to five-hundred dollars ($500.00).

Relevant accounts include but are not limited to checking accounts, savings accounts, loan accounts, lines of credit, portfolio management accounts, investment accounts, credit card accounts, and home equity loans/lines of credit.

Provided, however, that there shall not be produced in response to this subpoena any original of, copy of, or information known to have been derived from any record maintained by Wells Fargo Bank, N.A. in relation to an account in the name of a "customer" other than **Kent D. Nelson (SSN 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, DOB 7/19/64), Wendy L. Nelson (SSN 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), Kent D. Nelson d/b/a Strategic Investment Services, Kent D. Nelson d/b/a Strategic Investment Services, LLC.** The term "customer" is limited to any individual, sole proprietorship, or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any service of Wells Fargo Bank, N.A., or for whom Wells Fargo

Bank, N.A. is acting or has acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name. The term "customer" does not include (i) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.

## INSTRUCTIONS FOR COMPLETING AND FILING THE
## ATTACHED MOTION AND SWORN STATEMENT

1. Except where signatures are required, the indicated information should be either typed or printed legibly in ink in the spaces provided on the enclosed motion and sworn statement forms. The information required for each space is described in parentheses after each space to be completed.

2. The most important part of your challenge application is the space on the "sworn statement" form, where you must state your reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated in the enclosed notice. You may also challenge the Commission's access to the financial records if you believe there has not been substantial compliance with the Right to Financial Privacy Act, or for any other reasons allowed under the law. You should state the facts that are the basis for your challenge as specifically as you can.

3. To file your challenge with the Court, either mail or deliver the original and one copy of your challenge papers together with cash, certified check, or money order for the applicable fee to the Clerk of the appropriate U.S. District Court. (Courts may charge varying filing fees; you should contact the Clerk of the Court to determine the exact amount.)

4. One copy of your challenge papers (motion and sworn statement) must be delivered or mailed (by registered or certified mail) to the Commission officials whose names appear on the Customer Notice. These papers must be received by those officials on or before the earlier of 14 days after the date of mailing of the subpoena or 10 days after delivery for your rights under the Right to Financial Privacy Act to be preserved.

5. If you have further questions, contact the Commission officials whose names and telephone numbers appear on the Customer Notice.

IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF _____

_____ (Your Name),
    Movant

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
    Respondent

MOTION FOR ORDER
PURSUANT TO CUSTOMER CHALLENGE PROVISIONS
OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

I, _____, (your name) move this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. 3410, for an order preventing the government from obtaining access to my financial records. The agency seeking access is the United States Securities and Exchange Commission.

My financial records are held by _____
_____ (name and address of financial institution).

I have attached my sworn statement in support of this motion.

Respectfully submitted,

_____
_____
_____

(Your Signature, Name, Address,
and Telephone Number)

## CERTIFICATE OF SERVICE

     I declare under penalty of perjury that I have mailed or delivered a copy of the attached motion and sworn statement to _____ (names of officials listed at Item 3 of Customer Notice) on _____ (date).

_____
(Signature)

IN THE UNITED STATES DISTRICT COURT

FOR THE ____ DISTRICT OF ____

_____ (Your Name),
    Movant

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
    Respondent

    I, _____ (your name), (am now/was previously) a customer of _____ (name and address of financial institution) and I am the customer whose records are being requested by the United States Securities and Exchange Commission.

    The financial records sought by the United States Securities and Exchange Commission are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was sent to me because



or should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that



or should not be disclosed on the following other legal basis:



    I declare under penalty of perjury that this statement foregoing is true and correct.

                                                _____
                                                        (signature)

Dated: _____