NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENT D. NELSON, | No. C08-80080MISC JF (HRL) |
|     Movant, | **ORDER DENYING MOTION TO QUASH SUBPOENA** |
| v. | |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | [Re: Docket No. 1] |
|     Respondent. | |

Kent D. Nelson, proceeding pro se, filed a document stating that he objects to a subpoena issued by the U.S. Securities and Exchange Commission ("SEC"). The document itself contains scant information about the underlying proceedings. However, respondent advises that Nelson's objection was brought as a customer challenge under the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3401, *et seq*. Pursuant to 28 U.S.C. § 636(b), this matter has been referred to the undersigned for disposition.

The SEC filed a verified opposition to the motion; and, at the court's direction, it also filed a copy of the subpoena in question. Although the court did not find it necessary, Nelson was given an opportunity to file a reply. No reply was received; and, pursuant to this court's May 23, 2008 interim order, the matter is now deemed ripe for determination without oral argument. Upon consideration of the moving and responding papers, and for the reasons stated below, the motion is denied.

According to the SEC, Nelson was an investment advisor to the New Mexico State Treasurer's Office ("NMSTO") who paid millions of dollars in kickbacks to two successive state treasurers to continue to receive work as an investment advisor to the NMSTO and influence its discretionary spending of funds. The record presented indicates that, in September 2005, Nelson pled guilty to a federal charge of mail fraud based on the kickback scheme. (Verified Opp., Ex. 1).[1] He currently is incarcerated at the federal penitentiary in Lompoc, California. Reportedly, the State of New Mexico indicted Nelson for the same conduct, and those state charges are pending.

On February 9, 2006, the SEC authorized an investigation into possible violations of federal securities laws in connection with the alleged kickback scheme. On March 24, 2008, the SEC issued a subpoena to Wells Fargo bank, requesting bank records for all accounts in the name of Nelson (and Nelson dba Strategic Investment Services LLC) and his wife from January 1, 2007 through the date of the subpoena.[2]

Under the RFPA, a customer of a financial institution to whom an administrative summons has been served may move to quash the summons. See 12 U.S.C. § 3410(a). These challenge procedures are the sole judicial remedy available to a customer opposing the disclosure of financial records under the RFPA. See id., § 3410(e). The motion must be supported by a sworn statement "stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of [the RFPA]." Id., § 3410(a)(2). "The RFPA provides only three grounds on which the district court may quash a subpoena: (1) the agency's inquiry is not a legitimate law enforcement inquiry or (2) the records requested are not relevant to the agency's inquiry or (3) the agency has not substantially complied with the RFPA." Sandsend Financial Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989).

---

[1] Although Nelson' plea agreement apparently was sealed at one point in time, respondent represents to the court that the seal has been lifted.

[2] The SEC advises that Nelson's wife was also given notice of the subpoena, and she has not challenged it.

2

Here, there is no apparent dispute that the SEC's inquiry is a legitimate law enforcement inquiry or that the agency has substantially complied with the RFPA. What Nelson disputes is the relevance of the requested information to the SEC's investigation. He contends that (a) the services he provided to NMSTO were not financial advisory services; and (b) the subpoena calls for records beyond the time period of his dealings with that Office.

The SEC's burden in overcoming Nelson's objection is not a heavy one. Where a respondent shows "a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," the court "*shall* deny the motion or application" to quash and order the process enforced. See 12 U.S.C. § 3410(c) (emphasis added). "An agency 'can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not.'" Sandsend, 878 F.2d at 882 (quoting United States v. Morton Salt Co., 338 U.S. 632, 642 (1950)). "So long as the material requested touches a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." Id. (internal citations omitted); see also United States v. Wilson, 571 F. Supp. 1417, 1420 (S.D.N.Y. 1983) ("[T]he RFPA requires only that financial information be relevant to a 'legitimate law enforcement inquiry,' and not relevant in a narrow, evidentiary sense").

This court finds that the SEC has met its burden. In his plea agreement, Nelson acknowledges that he received nearly $4.5 million from the NMSTO in connection with service as an investment advisor to that Office and that he shared these fees with co-conspirators in order to buy access to and influence over the NMSTO. (Verified Opp., Ex. 1 at 3-5). The SEC believes that Nelson violated anti-fraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934 in connection with the alleged kickback scheme. This court finds that the requested records are relevant to the SEC's efforts to trace the proceeds of possibly illegal transactions for disgorgement and penalty purposes. While it is undisputed that Nelson stopped providing services to the NMSTO in 2005, the requested documents reasonably may shed light on the SEC's efforts to ascertain how much money Nelson currently possesses and the location of the money he received from the NMSTO.

3

In sum, the records sought are relevant to a legitimate law enforcement inquiry by the SEC, and this court finds no basis to quash the subpoena. Accordingly, IT IS ORDERED THAT Nelson's motion is denied.

Dated:   June 16, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1. **5:08-mc-80080 Notice has been mailed to:**

2. Kent D. Nelson
   40289051
3. Federal Correctional Facility
   3705 W. Farm Road
4. Lompoc, CA 93436

5.     Movant (Pro Se)

6. Kevin Dean Solonsky
   Securities & Exchange Commission
7. 100 F Street, NE
   Washington, DC 20549-9612
8. 
       Counsel for Respondent

9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.